UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD DAVID CURTIS,

        Petitioner,

                              CASE NO. 16-10679

v.

                              HONORABLE GEORGE CARAM STEEH

WARDEN PAUL KLEE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO SHORTEN
THE RESPONSE TIME, TO EXPEDITE REVIEW OF HIS
HABEAS PETITION, AND FOR RELEASE ON BAIL** (ECF No. 6)

**I. Introduction**

Petitioner Chad David Curtis ("petitioner") has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges petitioner's convictions for six counts of criminal sexual conduct.  The convictions arose from allegations that petitioner engaged in sexual conduct with teenage students while he was a substitute teacher at a high school.  The Michigan Court of Appeals affirmed petitioner's convictions and sentence in an unpublished decision.  See People v. Curtis, No. 318669, 2015 WL 630396 (Mich. Ct. App. Feb. 12, 2015).  On November 24, 2015, the Michigan Supreme Court remanded petitioner's case to the trial court for re-sentencing under People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), but denied leave to appeal in all other respects.  See People v. Curtis, 871 N.W.2d 164 (Mich. 2015).

-1-

On February 24, 2016, petitioner filed his habeas petition.  He asserts as grounds for relief that:  (1) trial counsel was ineffective for failing to object to the prosecutor's conduct and to the lack of a "no adverse inference" jury instruction; (2) he was denied his right to present a defense by limits placed on trial testimony; and (3) the cumulative effect of trial errors violated his right to due process.  On February 29, 2016, the Court ordered respondent Paul Klee ("respondent") to file an answer to the petition by August 30, 2016.  Petitioner subsequently moved to shorten the response time, to expedite review of his case, and to release him on bail pending the outcome of his habeas petition.  Respondent opposes petitioner's request for release on bail on the grounds that petitioner has not (1) presented any substantial claims of law in his habeas petition or (2) shown the existence of some circumstance making his motion for bail exceptional and deserving of special treatment in the interests of justice.

## II.  Discussion

The basis for petitioner's pending motion is a civil lawsuit, which the complainants in his criminal case have brought against him.  Petitioner contends that his confinement in prison severely limits his ability to research the issues in the civil lawsuit, prepare for trial in the civil case, attend hearings and depositions, defend himself, and protect his property.  Petitioner also contends that he is not a risk to the community or likely to flee and that it would be unjust to have a deficient criminal conviction be the basis for summary judgment in the civil lawsuit.  He seeks immediate release from custody on his own recognizance or on bail pending a decision in this case.

Federal district courts have inherent authority to grant bail while it considers a habeas petition.  See Nash v. Eberlin, 437 F.3d 519, 526 n.10 (6th Cir. 2006).  Nevertheless, because "a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993).  To prevail on a request for release on bail, a habeas petitioner must demonstrate "substantial questions" in his application and "some circumstance making [his] application exceptional and deserving of special treatment in the interests of justice."  Aronson v. May, 85 S. Ct. 3, 5 (1964).

Petitioner has not persuaded the Court that his habeas petition raises a substantial question of law.  The Michigan Court of Appeals found no merit in petitioner's claims about trial counsel, and it determined that petitioner did not preserve his right-to-defend claim for appellate review by raising the claim in the trial court.  As for petitioner's claim that the cumulative effect of errors entitled him to a new trial, the Court of Appeals stated that there was no cumulative effect of errors meriting reversal.

Petitioner's strongest issue is one of his claims about trial counsel, but habeas review is "doubly deferential" when the claim at issue is ineffective assistance of counsel,

> because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Burt v. Titlow, 571 U.S. __, __, 134 S.Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); internal quotation marks omitted).  In such circumstances, federal courts are to afford "both the

-3-

state court and the defense attorney the benefit of the doubt." Burt, supra, at __, 134 S. Ct., at 13.

Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (per curiam).

Even assuming that petitioner has raised "substantial questions" in his habeas petition, he has not alleged an extraordinary circumstance warranting release on bail. "Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992); see also Puertas v. Overton, 272 F. Supp.2d 621, 628 (E.D. Mich. 2003)(finding that exceptional circumstances existed where the petitioner was 76 years old, in poor health due to coronary artery disease and aggressive bladder cancer, and in dire need of continued medical treatment).

Petitioner is not alleging poor health; instead, he is seeking to protect his property. And he is not approaching the end of his sentence.  He states that he was sentenced on October 3, 2013, to prison for seven years, one month, to fifteen years. The Court therefore does not believe petitioner deserves special treatment in the interests of justice.  Accordingly, petitioner's motion to shorten the time to file a response, to expedite review of his habeas claims, and for release on bail (ECF No. 6) is **DENIED**.

Dated:  August 3, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 3, 2016, by electronic and/or ordinary mail and also on
Chad Curtis #886901, Gus Harrison Correctional Facility,
2727 E. Beecher Street, Adrian, MI 49221.


s/Barbara Radke
Deputy Clerk