UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD CURTIS,

          Petitioner,

                             CASE NO. 2:16-CV-10679
v.                           HON. GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE

PAUL KLEE,

          Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Chad David Curtis, ("petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions, brought in two lower court files, on three counts of second-degree criminal sexual conduct, M.C.L.A. § 750.520c(1)(b), one count of third-degree criminal sexual conduct, M.C.L.A. § 750.520d(1)(e), and two counts of fourth-degree criminal sexual conduct, M.C.L.A. § 750.520e(1)(f). For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

# I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Barry County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was a substitute teacher at Lakewood High School. He also volunteered in the weight room. The victims, M.K., K.S., and T .H., were students who used the weight room at Lakewood High School. At different times, defendant took each of the three victims to the school's training room. M.K. testified that she went to the training room with defendant in the summer of 2011 to do hip flexor exercises. On one visit, defendant suggested that he give her a body massage. During the massage, defendant pulled up M.K.'s sports bra and rubbed her breasts. On another visit, this one on Labor Day, defendant pulled up M.K.'s sports bra and kissed her right nipple, while also penetrating her vagina with his finger. T.H. testified that she went to the training room with defendant after she had performed some squats and defendant said that something looked wrong with her hips. In the training room, defendant lowered her sweatpants, moved her underwear, and rubbed her butt.
>
> K.S. testified that she went to the training room on two days with defendant to do some exercises. On the first day, defendant rubbed her groin, and his hands went underneath the spandex of her shorts. On the second day, defendant rubbed K.S.'s groin and the sides of her butt.
>
> Two other teenagers also testified about defendant's actions. D.K. testified that on numerous occasions defendant asked her

to come into an office in the weight room with him; he then rubbed lotion on her body. On her legs, he rubbed up to her underwear line. A.L. testified that one day when she was baby-sitting for defendant's two youngest children and got sunburned, defendant rubbed aloe on her body. He rubbed it on her legs, going up to her underwear line, and on her stomach, going up to her bra. He also rubbed aloe under her bra straps.

*People v. Curtis*, No. 318699, 2015 WL 630396, at *1 (Mich. Ct. App. Feb. 12, 2015).

Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *Id.*

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court remanded the matter back to the trial court in light of that court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), because the jury did not find the facts to support the scoring of the sentencing guidelines beyond a reasonable doubt and petitioner did not admit to these facts. On remand, the trial judge was to determine whether he would have imposed a materially different sentence but for the constitutional error. The Michigan Supreme Court denied petitioner leave to appeal regarding his remaining issues. *People v. Curtis,* 498 Mich. 916 (2015). On remand, the trial court denied petitioner's motion for resentencing.

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Ineffective Assistance of Counsel.

II. Right to Present a Defense.

III. Cumulative Effect.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim–
>
> > (1)    resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the Supreme
> > Court of the United States; or
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case

differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

### A. Claim # 1  The ineffective assistance of trial counsel claims.

Petitioner alleges the ineffective assistance of trial counsel.  To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland's* test for prejudice is a demanding one. 'The likelihood of a different result must be

substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner first contends that trial counsel was ineffective for failing to object to, or otherwise remedy during trial, the trial court's omission of a critical jury instruction concerning petitioner's decision not to testify at trial.

In general, courts have noted that "whether to request a particular instruction is within an attorney's tactical discretion" and "attorneys often decide not to request such an instruction [admonishing the jury that they could not consider the defendant's failure to testify] because it calls attention to the defendant's silence. We do not find it improper that [the defendant's] attorney failed to request this instruction." *Goldsby v. United States*, 152 F. App'x 431, 437 (6th Cir. 2005)(quoting *Coleman v. Brown*, 802 F.2d 1227, 1235 (10th Cir. 1986)). The Sixth Circuit, in fact, has held that trial counsel was not ineffective in failing to object to the court's failure

to give a jury instruction on the defendant's right not to testify, since "counsel's performance fell within the range of reasonable professional assistance." *Id.,* (quoting *Lewis v. Sowders,* No. 93–5325, 1993 WL 384968, 1993 U.S.App. LEXIS 25112, *4 (6th Cir. 1993)).  Furthermore, a criminal defendant is not entitled to relief on his ineffective assistance of counsel claim if he is unable to show that he was prejudiced by the court's failure to give an instruction on the failure to testify. *Id.*

In this case, the Michigan Court of Appeals found that the "trial court clearly erred in finding that defense counsel's failure to request an instruction about defendant's failure to testify at the bench conference was trial strategy." *People v. Curtis*, 2015 WL 630396, at *3.  The Michigan Court of Appeals further found that trial counsel was deficient in failing to request such an instruction. *Id.*  The Michigan Court of Appeals, however, concluded that petitioner could not establish that he was prejudiced by counsel's failure to object to the lack of such an instruction:

> [T]here is no reasonable probability that the result of the proceedings would have been different had the jury been instructed as to defendant's right not to testify. Although the jury was not specifically instructed that it could not consider the fact that defendant did not testify, it did receive instructions that precluded it from considering this fact. The court instructed the jury as to the prosecutor's and the defendant's respective burdens, i.e., that the prosecutor was required to prove all the

elements of the crime beyond a reasonable doubt and that defendant was not required to prove his innocence or do anything[.] The jury was correctly instructed as to what it could consider in deciding defendant's guilt: the evidence, which only included the witnesses' sworn testimony, the admitted exhibits, and anything else the trial court said was evidence. The trial court never informed the jury that defendant's failure to testify was evidence. A jury is presumed to follow its instructions. Additionally, neither the trial court nor the prosecutor commented on defendant's failure to testify. Further, the testimony showed a common plan, scheme, or system used by defendant—defendant's touching intimate areas of female teenagers while massaging or rubbing their bodies. Moreover, it is reasonable to infer that defendant touched the victims' intimate parts for sexual purpose when considered with the additional facts that defendant apologized to M.K. and A.L., similarly commenting to both of them about being unfaithful to his wife, and that the training room used was generally locked and had no windows or a video camera. Under these facts, defense counsel's deficient performance in not objecting to the trial court's failure to specifically instruct the jury that it could not consider the fact that defendant did not testify does not undermine confidence in the outcome of the trial. In sum, we cannot conclude that defendant was prejudiced by counsel's deficient performance.

*People v. Curtis*, 2015 WL 630396, at *3 (internal citations omitted).

Petitioner claims that the Michigan Court of Appeals finding of no prejudice is contrary to Supreme Court precedent found in *Carter v. Kentucky*, 450 U.S. 288 (1981), which "held that the no-adverse inference instruction must be given if requested and that other instructions are not adequate substitutes." Petitioner, however, does not bring before this

Court an independent claim of instructional error. Therefore, *Carter* does not apply. Even if the failure to give this instruction amounted to structural error, this would not mean that prejudice should be presumed, for purposes of petitioner's ineffective assistance of counsel claim. *See Harrison v. Woods*, No. 15-1046, 2015 WL 4923099, at *2 (6th Cir. Aug. 18, 2015)(citing *Premo v. Moore*, 562 U.S. 115, 127–28 (2011)). Petitioner would have to establish that he was actually prejudiced by the failure to give the instruction on petitioner's right not to testify. Petitioner cannot demonstrate that he was prejudiced by trial counsel's failure to object to the lack of a no-adverse inference instruction. As a result, petitioner is not entitled to habeas relief for trial counsel's failure remedy the lack of a no-adverse inference instruction.

Petitioner next claims that trial counsel was ineffective by failing to object to the prosecutor's improper statements or ask for a curative instruction.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal

defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Petitioner claims that trial counsel was ineffective by failing to object to the prosecutor's repeated bolstering for the credibility of the five girls during closing and rebuttal arguments and by failure to ask for a curative instruction in connection to the bolstering, by failing to object to the indirect references to petitioner's right to remain silent, and by failing to object to the appeals to the jurors's sympathy in calling for a conviction.

The Michigan Court of Appeals found that the defense put the credibility of the girls at issue. The Michigan Court of Appeals further found that the prosecutor never stated his personal opinion nor vouched

for the girls' credibility, but merely argued that the five girls were credible based on the evidence presented and the emotions and demeanors they displayed:

> Specifically, the points he made were in respect to the lack of evidence regarding any motive for the five girls to lie, testimony regarding how the girls were treated at school after they spoke with the detective, the specific details they provided about defendant's conduct, the similarity of statements defendant made to different girls, and his observations of the emotions and demeanors of the girls when they testified. Because a prosecutor may argue from the evidence that witnesses are credible, we conclude from our review of the record that the prosecutor's comments were not improper, and any objection to them would have been futile. Defense counsel was not ineffective for failing to make futile objections.

*People v. Curtis*, 2015 WL 630396, at *5.

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999)(internal citations omitted). However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. *Id.* The test for improper

vouching for a witness is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility. *United States v. Causey*, 834 F.2d 1277, 1283 (6th Cir. 1987). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis,* 170 F.3d 546, 550 (6th Cir. 1999)(internal citations omitted); *see also Griffin v. Berghuis,* 298 F. Supp. 2d 663, 674-75 (E.D. Mich. 2004). It is worth noting that the Sixth Circuit has never granted habeas relief for improper vouching. *Byrd v. Collins,* 209 F.3d 486, 537 and n. 43 (6th Cir. 2000). Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

Numerous cases have held that a prosecutor does not engage in vouching by arguing that his witnesses have no reason or motivation to lie, when such comments are based on the evidence and do not reflect a

personal belief of the prosecutor. *See United States v. Jackson,* 473 F.3d 660, 672 (6th Cir. 2007); *U.S. v. Israel,* 133 F.App'x 159, 165 (6th Cir. 2005); *U.S. v. Parker,* 49 F.App'x 558, 563 (6th Cir. 2002); *see also Alder v. Burt,* 240 F. Supp. 2d 651, 669 (E.D. Mich. 2003)(prosecutor did not engage in improper vouching when he argued that there was no evidence that prosecution witness had "axe to grind" or any other improper motive, when he asked rhetorically whether person who would burn 19-year-old female's body to destroy evidence would give truthful testimony, or when he asked whether prosecution witnesses had any reason to lie).

The prosecutor commented on the similarity of the witnesses's testimony to support a theory of a common plan or scheme in which petitioner invited the girls into a locked weight room, void of cameras, offered to assist in weight training, offered a body massage and then would touch the complainants inappropriately.

By arguing in his closing summation that his witnesses had no motive to lie, the prosecutor was not claiming to have any special knowledge of the complainants's truthfulness, but was simply arguing that objectively speaking, the complainants had no motive to fabricate a story to implicate petitioner in a crime.  The prosecutor informed the jury that they needed to

decide whether the five girls were credible.  One factor in determining a witness's credibility is to determine whether the witness had a reason to lie. The prosecutor argued that because of the consequences that resulted from their disclosures, the five girls had no reason to lie.  In essence, the prosecutor was arguing, based on the evidence, that the five girls were credible.  The prosecutor's remarks were not improper.

Petitioner alleges that the prosecutor improperly commented on his right to remain silent.

Under the Fifth Amendment, a prosecutor is forbidden from commenting upon a defendant's decision not to testify at trial. *Gall v. Parker*, 231 F.3d 265, 311 (6th Cir. 2000)(citing to *Griffin v. California*, 380 U.S. 609, 615 (1965)).  A distinction is drawn between a direct comment on the defendant's right not to testify and on an indirect comment. *Spalla v. Foltz*, 615 F. Supp. 224, 231 (E.D. Mich. 1985)(Cohn, J.).  Indirect comments which touch on a defendant's right not to testify warrant reversal only when they are manifestly intended by the prosecutor as a comment on the defendant's failure to testify or were of such a character that the jury would naturally and reasonably take them to be comments on the failure of the defendant to testify. *Gall v. Parker*, 231 F.3d at 311.  Courts will not

find that a prosecutor manifestly intended to comment upon the defendant's failure to testify if some other explanation for his or her remarks is equally possible. *United States v. Moore*, 917 F.2d 215, 225 (6th Cir. 1990).  Whether a jury necessarily construes a prosecutor's remark as a comment upon the accused's failure to testify requires a "probing analysis of the context of the comment", and the likely effect of the trial court's curative instruction, if any. *United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir. 1981).

While a prosecutor may not comment on the defendant's failure to testify or produce evidence, the prosecutor may summarize the evidence and comment upon "its quantitative and qualitative significance." *United States v. Bond*, 22 F.3d 662, 669 (6th Cir. 1994).

Trial counsel argued that the complainants were not credible and presented defense witnesses to testify as to petitioner's good reputation. In response, the prosecutor argued that because none of defendant's witnesses had any personal knowledge about anything that happened in the training room, the testimony of defendant's witnesses did not meaningfully contradict the testimony given by the five girls.  The prosecutor's reference to the evidence presented did not improperly

comment on petitioner's right to remain silent.  The comments establish

that the testimony by the complainants was uncontradicted.

In his remaining prosecutorial misconduct claim, petitioner contends

that the prosecutor improperly appealed to the jury's sympathy by

informing them of the repercussions suffered by the five girls after coming

forward with the accusations.

Even if the remarks were an attempt to invoke sympathy with the

jury, petitioner would not be entitled to habeas relief because the remarks

were isolated, not extensive, and only a small part of the closing argument

that focused on summarizing the evidence. *Byrd,* 209 F.3d at 532.

Petitioner's claim would initially be defeated by the fact that the trial court

instructed the jury that they were not to let sympathy or prejudice influence

their decision (Tr. 8/16/13, p. 4). *See Cockream v. Jones,* 382 F.App'x 479,

486 (6th Cir. 2010).  Furthermore, even if the prosecutor's appeals to the

jury's emotions or sympathies was improper, this would be insufficient to

render the trial fundamentally unfair, since it was likely that the nature of

the crime itself would have produced juror sympathy even before the

prosecutor made any of these comments. *See Millender v. Adams,* 187 F.

Supp. 2d 852, 875-76 (E.D. Mich. 2002)(citing *Walker v. Gibson*, 228 F.3d

1217, 1243 (10th Cir. 2000)).

Because the prosecutor's conduct was not improper, counsel's failure to object to the prosecutor's comments was not ineffective assistance of counsel. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 866 (E.D. Mich. 2003). Likewise, petitioner cannot show that counsel was ineffective for failing to object to the prosecutor's conduct, in light of the fact that the Michigan Court of Appeals found on direct appeal that there was no prosecutorial misconduct. *See Finkes v. Timmerman-Cooper,* 159 F.App'x 604, 611 (6th Cir. 2005)*; Campbell v. United States,* 266 F. Supp. 2d 587, 589-90 (E.D. Mich. 2003). Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim, based on counsel's failure to object to prosecutorial misconduct.

## B. Claim # 2. The Right to Present a Defense claim.

Petitioner claims that he was denied a meaningful opportunity to present a complete defense when the trial court judge excluded testimony pertaining to other false allegations and testimony from an expert witness pertaining to the "bandwagon effect." Respondent contends that petitioner's second claim is procedurally defaulted because petitioner did not raise this claim in the trial court and the Michigan Court of Appeals

relied on this failure to reject petitioner's claim. *See Curtis,* 2015 WL 630396, at *6.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals clearly indicated that by failing to

object at trial, petitioner had not preserved his right to present a defense claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000). This Court finds the Michigan Court of Appeals' reviewed petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). Petitioner's second claim is procedurally defaulted.

Petitioner has failed to allege any reasons to excuse his procedural default. Although ineffective assistance of counsel may be cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner raised several ineffective assistance of counsel claims in the state courts but did not raise a claim that counsel was ineffective for failing to object to the exclusion of the testimony by witnesses pertaining to false accusations or testimony by petitioner's expert witness in connection to a "bandwagon effect." Because petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the excluded testimony, any alleged ineffectiveness of counsel cannot constitute cause to excuse

petitioner's default with respect to his second claim. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Petitioner has not demonstrated any cause for his procedural default; it is unnecessary to reach the prejudice issue regarding these prosecutorial misconduct claims. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his denial to the right to present a defense claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's second claim on the merits. *See Harris v. Stegall*, 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). Petitioner's second claim is procedurally barred.

**Claim # 3.  Petitioner is not entitled to habeas relief on his cumulative effect claim.**

Petitioner contends that he is entitled to habeas relief due to cumulative effect.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief. There is no clearly

established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005). Therefore, petitioner is therefore not entitled to habeas relief on the grounds of cumulative error. *Id.*

### IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule

11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  October 31, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 31, 2017, by electronic and/or ordinary mail and also on Chad Curtis #886901, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk